**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

THERESA MULLERY,

        Plaintiff,

v.                                                            18-CV-549V(Sr)

JTM CAPITAL MANAGEMENT, LLC,

        Defendant.
_____

AMANDA PERRY,

        Plaintiff,

                                                          18-CV-566V(Sr)

v.

JTM CAPITAL MANAGEMENT, LLC,

        Defendant.
_____

## REPORT, RECOMMENDATION AND ORDER

        These matters were referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. 18-CV-549 at Dkt. #27; 18-CV-566 at Dkt. #26..

        Currently before the Court are defendant's motions to dismiss plaintiff's complaints, which allege violations of the Fair Debt Collection Practices Act ("FDCPA"), § 1692, *et seq*., on the ground that defendant is not a debt collector. 18-CV-549 at Dkt. #26; 18-CV-566 at Dkt. #25. For the following reasons, it is recommended that defendant's motions be denied.

## BACKGROUND

Plaintiff Mullery's complaint[1] alleges that plaintiff fell behind on debt payments to Continental Finance Company ("Continental"), prompting her to seek the assistance of a legal aid attorney who, by letter dated April 21, 2015, informed Continental that plaintiff was represented by counsel and directed that Continental cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Continental account and, ignoring Continental's account notes identifying plaintiff's attorney, "had another debt collector, Northstar Location Services, send [plaintiff] a collection letter, dated January 26, 2017, demanding payment of the Continental debt." Dkt. #1, ¶ 10. The letter from Northstar Location Services, LLC ("Northstar"), informs plaintiff that the Continental debt had been referred to Northstar by defendant for collection. Dkt. #1-4.

Plaintiff Perry's complaint[2] alleges that plaintiff fell behind on debt payments to Comenity Bank, prompting her to seek the assistance of a legal aid attorney who, by letter dated August 27, 2015, informed Comenity Bank that plaintiff

---

[1] Plaintiff Mullery's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where plaintiff resides and defendant maintains its principal place of business. Dkt. #19 & Dkt. #23.

[2] Plaintiff Perry's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where defendant maintains its principal place of business. Dkt. #18 & Dkt. #22.

was represented by counsel and directed that Comenity Bank cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Comenity Bank account and, ignoring Comenity Bank's account notes identifying plaintiff's attorney, "had its attorney debt collector, Weltman, Weinberg & Reis Co., send [plaintiff] a collection letter, dated March 4, 2017, demanding payment of the Comenity Bank debt." Dkt. #1, ¶ 10. The letter from the attorney debt collector informs plaintiff that the Comenity Bank debt had been referred to the attorney debt collector by defendant for collection. Dkt. #1-4.

Plaintiffs allege that defendant violated 15 U.S.C. § 1692c(c), which prohibits a debt collector from communicating with a consumer after being directed to cease communications and from continuing to demand payment of a debt that the consumer has indicated they refuse to pay and that defendant violated 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain the attorney's name and address. Dkt. #1.

Plaintiffs allege that defendant is a debt collector "because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly,

-3-

defaulted consumer debts that it did not originate" and because its "principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others." Dkt. #1, ¶¶ 4&5. Plaintiff further alleges that defendant "operates a nationwide defaulted debt collection business," purchasing "large portfolios of defaulted consumer debts . . . which it then collects upon through other collection agencies." Dkt. #1, ¶¶ 4&5. Plaintiff also alleges that defendant is a licensed collection agency. Dkt. #1, ¶ 7.

## DISCUSSION AND ANALYSIS

Defendant argues that it does not meet the FDCPA's definition of debt collector. 18-CV-549 at Dkt. #26-1; 18-CV-566 at Dkt. #25-1. Specifically, defendant argues that it cannot be considered a debt collector because it did not participate in or otherwise exercise any control over the debt collection process and cannot be held vicariously liable by virtue of the fact that it owned the account and hired a debt collector to collect it. pp.2-3. Defendant argues that plaintiffs' complaints fail to allege any facts to suggest that defendant "is in the business of debt collection" or is anything other than "a passive debt buyer." pp.9 & 10. Absent any allegations of any communication from defendant to plaintiffs or any efforts to direct or control the actions of Northstar or Weltman, Weinberg & Reis Co., defendant argues that it cannot be held vicariously liable for their actions. Dkt. #26-1, p.11.

Plaintiffs respond that defendant misconstrues the Supreme Court's opinion in *Henson v. Santander Consumer USA Inc.*, __ U.S. __, 137 S. Ct. 1718

(2017). 18-CV-549 at Dkt. #32, p.5; 18-CV-566 at Dkt. #31, p.5. More specifically, plaintiffs argue that "the principal, and indeed sole purpose of [defendant's] business is the collection of defaulted debts that it has purchased, and *Henson* does not exempt such entities from compliance with the FDCPA." Dkt. #32, p.5. Plaintiffs also note that defendant's website states that, since it's inception, defendant "has managed in excess of more than $3 billion in uncollected debt," clearly supporting plaintiffs' allegations that defendant's principal purpose is debt collection. Dkt. #32, pp.8-10. Plaintiffs argue that defendant attempts to conflate the two definitions of debt collector and that defendant's direction that Northstar and Weltman, Weinberg & Reis Co. collect the debt from plaintiffs is sufficient to allege that defendant collected debts indirectly, which also satisfies the FDCPA's definition of debt collector. Dkt. #32, p.11.

Defendant replies that a passive debt purchaser does not meet the principal purpose definition of debt collector as a matter of law and that some debt collection related activities or interaction with consumers is required to meet the FDCPA's definition of debt collector. 18-CV-549 at Dkt. #33, pp.3-4; 18-CV-566 at Dkt. #32, pp.3-4.

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The court "may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp.3d 156, 167 (S.D.N.Y. 2015), *citing Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp.2d 173, 179, n.8 (S.D.N.Y. 2006), *quoting* Fed. R. Evid. 201(b).[3]

Although the FDCPA is silent on the issue of vicarious liability, district courts in this circuit, as well as the majority of courts nationwide have determined that "entities that meet the FDCPA's definition of 'debt collector' may be held vicariously liable for the wrongful collection activity of another carried on for its behalf." *In re Scott*, 572 B.R. 492, 541 (S.D.N.Y. 2017) (collecting cases); *See Janetos v. Fulton Friedman*

---

[3] The current version of Fed. R. Evid. 201(b) allows the court to take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

*& Gullace,* 825 F.3d 317, 325 (7th Cir. 2016) ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself."); *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 404 (3d Cir. 2000) ("an entity that is itself a 'debt collector' . . . should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf."), *abrogated on other grounds by Henson*, 137 S.Ct. 1718. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Satisfying either alternative predicate, *to wit*, the "principal purpose" or the "regularly collects" alternative, is sufficient to establish an entity's status as a debt collector under the statute. *Guzman v. Mel S. Harris & Assocs, LLC*, 16 Civ. 3499, 2018 WL 1665252, at *4 (S.D.N.Y. Mar. 22, 2018).

In *Henson,* the United States Supreme Court held that parties who "regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are not debt collectors as defined by the FDCPA because they are not collecting debts owed another. 137 S. Ct. 1718. In reaching this conclusion, the Supreme Court noted that it was not addressing the alternative "principal purpose" definition of debt collector provided by the statute. *Id.* Thus, *Henson* has no impact upon plaintiffs' claim that defendant is a debt collector because its

"principal purpose . . . is the collection of any debts." However, given that plaintiffs' allegations are that defendant is a debt purchaser which utilizes other companies to collect such debts for defendant's own account, *Henson* precludes a claim that defendant is a debt collector pursuant to the regularly collects alternative.

In interpreting the principal purpose definition, courts have disagreed as to whether a debt purchaser is required to interact with the debtor. *See McAdory v. M.N.S. & Assocs.., LLC*, No. 3:17-cv-777, 2017 WL 5071263 (D.Or. Nov. 3, 2017) (collecting cases). In *McAdory*, the defendant argued that it was a debt purchaser who merely bought defaulted accounts but took no affirmative action to collect on such debts. *Id.* The district court determined that "[d]ebt purchasing companies . . . who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. *Id.* at *3. Upon reconsideration, the district court in *McAdory* reiterated its position that, "as a matter of law a debt purchaser is not a debt collector under the FDCPA's 'principal purpose' definition of debt collector." 2018 WL 1256482, at *2 (D. Or. Mar. 11, 2018); *See also Schneider v. JTM Capital Mgmt., LLC*, 6:16-cv-2057, 2018 WL 2276238, at *3 (D. Or. Mar. 22, 2018) ("the idea of interpreting passive debt buying companies as 'debt collectors' has been recently rejected in this district."), *adopted by* 2018 WL 2248451 (May 15, 2018).

In *McMahon v. LVNV Funding, LLC,* however, the district court rejected this exclusion of debt purchasers from the principal purpose definition of debt collector, determining that so long as the collection of debts sustains the business, unaided by other significant sources of revenue, the collection of debts must be the primary purpose of the business and it does not matter if the debt buyer hires a third party to obtain payment from the debtor. 301 F. Supp.3d 866, 884 (N.D. Ill. 2018). Stated another way, a debt collector does not shed its essential character as a debt collection business or convert itself into something other than a debt collector simply because it outsources the work of collecting outstanding debts. *Norman v. Allied Interstate, LLC*, 310 F. Supp.3d 509, 515 (E.D. Pa. 2018).

This court finds the analysis of *McMahon* and *Norman* persuasive. See *Bradley v. Selip & Stylianou, LLP*, 17-CV-6224, 2018 WL 4958964, at *5 (W.D.N.Y. Oct. 15, 2018) (recognizing *McMahon's* skepticism of proposition that a debt purchaser is not a debt collector if it does not directly or indirectly engage in the collection of its purchased debts). Nothing in the plain language of the statute suggests that a debt collector is required to perform any action on its own behalf, but instead focuses on the goals of the business. The requirement that a debt collector regularly collect or attempt to collect outstanding debt is imposed under an alternative definition of debt collector and should not be imported into the principal purpose definition of debt collector. *See Mitchell v. LVNV Funding, LLC,* No. 2:12-CV-523, 2017 WL 6406594, at *6 (N.D. Ind. Dec. 15, 2017) (rejecting argument that defendant could not be a debt collector under

the principal purpose definition because defendant does not engage in debt collection or otherwise contact the debtor). Accordingly, it is recommended that the district court find that the absence of allegations of interaction between the defendant and the debtor does not preclude, as a matter of law, a determination that the principal purpose of defendant's business is the collection of debts.

With respect to the allegations necessary to plausibly state a claim pursuant to the first definition of a debt collector, the district court in *Norman* found that plaintiff had adequately pled that defendant was a debt collector by alleging that debt collection is the principal purpose of defendant's business and attaching to the complaint debt collection letters indicating that the contractor contacted plaintiff on behalf of defendant. *Id.* The district court also took judicial notice of the fact that defendant's website described the company as a buyer of consumer debt which it outsourced for collection and that the website made no reference to any other form of commercial activity. *Id.; See also Tepper v. Amos Fin., LLC,* No.15-CV-5834, 2017 WL 3446886, at *8 (E.D. Pa. Aug. 11, 2017) (testimony that defendant's business focuses exclusively on acquiring and servicing non-performing and semi-performing loans meets first definition of debt collector). As in *Norman*, plaintiffs in the instant case allege that defendant "operates a nationwide defaulted debt collection business," purchasing "large portfolios of defaulted consumer debts . . . which it then collects upon through other collection agencies." Dkt. #1, ¶¶ 4&5. Plaintiffs allege that this activity is the "principal, if not sole, business purpose" of the defendant. Dkt. #1, ¶¶ 4&5. Defendant's website states that defendant "manage[s] portfolios of past-due and defaulted debt from leading

creditors." *See* https://jtmcm.com. Moreover, the letter from Northstar informs plaintiff that the debt had been referred to Northstar by defendant for collection. Dkt. #1-4. These allegations are sufficient to plausibly allege that defendant is a debt collector pursuant to the "principal purpose" definition of 15 U.S.C. § 1692a(6).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motions to dismiss (18-CV-549 at Dkt. #26; 18-CV-566 at Dkt. #25), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**November 30, 2018**

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**