# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL HEATH,**

Plaintiff,

vs.                                    CASE NO. _____

**JONATHAN C. FRANK & ASSOCIATES, LLC**
**and JONATHAN C. FRANK**
**and CONSUMER SOLUTIONS GROUP, LLC**
**and JTM CAPITAL MANAGEMENT, LLC,**

Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.      HEATH brings this lawsuit because Defendants attempted to extort money

from HEATH using unlawful collection tactics, including, but not limited to, using false

statements, threats, and intimidation.

2.      As set forth below, Defendants violated virtually all tenets underlying the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida

Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") in attempting

to collect an alleged debt from HEATH.

3.      The use of these unlawful debt collection practices by Defendants and

other debt collectors is epidemic, as described in the numerous complaints filed over the

past few years by the Federal Trade Commission, Consumer Financial Protection Bureau, and various attorney generals across the country.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## PARTIES

5.      Plaintiff, MICHAEL HEATH ("HEATH") is a natural person and a citizen of the State of Florida residing in Hillsborough County in the Middle District to Florida.

6.      Defendant, JONATHAN C. FRANK & ASSOCIATES, LLC ("JCF") is registered in Texas with its principal place of business located in Houston, Texas and was doing business in Hillsborough County, Florida at all times relevant to the Complaint, and is a "debt collector" as that terms is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

7.      Defendant, JONATHAN C. FRANK ("FRANK"), is a natural person, an attorney and member of the Texas bar, and was doing business in Hillsborough County, Florida at all times relevant to the Complaint, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Upon information and belief, FRANK is the sole owner, officer, and director of JCF.

8.      Defendant, CONSUMER SOLUTIONS GROUP, LLC ("CSG") is a foreign business corporation organized and existing on the laws of the State of Georgia

with it principal place of business in Lawrenceville, and was doing business in Hillsborough County, Florida at all times relevant to the Complaint, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

9.     Defendant, JTM CAPITAL MANAGEMENT, LLC ("JTM") is a Delaware Company ("JTM") with its principal place of business in Williamsville, New York, and was doing business in Hillsborough County, Florida at all times relevant to the Complaint, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10.     Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## FACTUAL ALLEGATIONS

11.     Defendants sought to collect from HEATH an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendants sought to collect from HEATH a debt allegedly owed for a bounced check and overdraft fees from a Wachovia personal bank account. Hereinafter referred to as "the alleged debt."

12.     Plaintiff has no recollection of incurring the alleged debt.

13.     According to Defendant, the alleged debt was incurred in 2007.

14.     JTM is a debt buyer who authorized the remaining Defendants to collect the alleged debt on its behalf.

15.     CSG is a debt collector that placed the alleged debt with JCF to collect the alleged debt on behalf of itself and JTM.

16.     On or about October 30, 2016, in an attempt to collect the alleged debt, JFC sent Plaintiff the following text message:

> MICHAEL RAY HEATH JR., A pending claim has been forwarded to our Law office in regards to a personal matter. Please contact our office immediately to speak with a non-attorney representative at 1-828-348-1856 your account number is 796600.

17.     On or about November 14, 2017, Plaintiff called 1-828-348-1856. The representative who answered Plaintiff's telephone call did not disclose that JFC was a debt collector, identified the called party as "the Law Offices of Jonathan C. Frank," and transferred Plaintiff to "James Mitchell."

18.     All acts or omissions of "James Mitchell" were within the scope of his agency and/or employment with JFC and were otherwise authorized by JFC.

19.     During the November 14, 2017 telephone call, James Mitchell did not disclose JFC a debt collector.

20.     During the November 14, 2017 telephone call, in an attempt to collect the alleged debt, James Mitchell  stated that HEATH had a claim placed against him by Wachovia, now owed by Wells Fargo,  told HEATH that he needed to resolve a bounced check and overdraft fees from an account closed in November 2007, and when HEATH did not agree to immediately pay the alleged debt he told HEATH that if he did not pay the debt within the week, JFC would have to forward it to Duval County and place it on HEATH's credit report.

21.     After the November 14, 2017 telephone call, in an attempt to collect the alleged debt, CSG emailed Plaintiff the dunning letter attached hereto as **Exhibit A**.

22.     Exhibit A was sent from the following email address: info@cs-groupllc.com.

23.     Exhibit A states that JTM Capital Management is the current creditor of the alleged debt.

24.     On or about November 15, 2017, in an attempt to collect the alleged debt, James Mitchell left the following voicemail on Plaintiff's telephone:

> Uh, this message is intended for uh Michael Ray Heath. Uh, Mr. Heath this is James Mitchell you and I spoke yesterday regarding your claim that was filed here. Uh, give me a call. Uh, I did send you the email that you requested. I want to make sure you received it. And, uh, let me know what you think here because again we try to make sure you know you're not paying more than you have too. My contact number here is area code 832-225-1113. Thank you. Have a great day.

25.     On or about November 20, 2017, in an attempt to collect the alleged debt, James Mitchell's assistant called Plaintiff, demanded payment of the alleged debt, and when Plaintiff did not agree to immediately pay the debt told Plaintiff that he had to pay by Monday or they would make a "decision" about his account.

26.     On or about December 12, 2017, in an attempt to collect the alleged debt, "Amber Jones" called Plaintiff and demanded payment of the alleged debt.

27.     All acts or omissions of Amber Jones were within the scope of her agency and/or employment with JFC and were otherwise authorized by JFC.

28.     During the December 12, 2017 telephone call, Amber Jones did not disclose that JFC is a debt collector.

*JCF Failed to Give Required Disclosures*

29.     Section 1692d(6) of the FDCPA prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

30.     "Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business." Dokumaci v. MAF Collection Servs, 2011 U.S. Dist. LEXIS 22390, *8 (M.D. Fla. Mar. 4, 2011); see also Wood v. GC Servs., LP, 2012 U.S. Dist. LEXIS 39724, *6-7 (M.D. Fla. Jan. 26, 2012) (finding violation of section 1692d(6) where debt collector's employee did not state her name or disclose the nature of the debt collector's business in a communication with the consumer); Beeders v. Gulf Coast Collection Bureau, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. Jan. 12, 2011) (explaining that section 1692d(6) requires debt collectors to explain the nature of their business).

31.     Section 1692e(11) of the FDCPA requires debt collectors to disclose in initial communications "that the debt collector is attempting to collect a debt and that any information will be used for that purpose."

32.     Section 1692e(11) of the FDCPA requires debt collectors to disclose in subsequent communications that the communication is from a debt collector.

33.     Telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).  See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the

FDCPA); <u>Hosseinzadeh v. M.R.S. Assocs., Inc.</u>, 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

34.     JCF did not disclose it was a debt collector in the telephone calls or messages that the calls were from a debt collector or that the debt collector is attempting to collect a debt and that any information will be used for that purpose."

35.     In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the disclosures that Congress, in its judgment, included in 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11) in communications from debt collectors.

36.     JCF's failure to provide the disclosures required by the FDCPA deprived Plaintiff and other consumers of information regarding a private legal right that Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

37.     Specifically, the effect of JCF's failure to disclose that they are debt collectors in the communications is that it created a substantial risk that the consumers will not know that the rights bestowed by the FDCPA apply to them since the FDCPA only applies to debt collectors.

### *JCF Falsely Threatened to Sue*

38.     Both the FDCPA and the FCCPA prohibit debt collectors from falsely representing that they have the legal right to and intend to file a lawsuit against the consumer:

15 U.S.C. § 1692e –

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
. . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

. . .

Fla. Stat. § 559.72 –

In collecting consumer debts, no person shall: . . .

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

. . .

39.     FRANK is not a member of the Florida Bar and therefore prohibited from practicing law in the State of Florida.

40.     There are no attorneys licensed to practice law in Florida connected to any law firms by the name of "Jonathan C. Frank."

41.     Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

42.     Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

43.     JCF was attempting to collect a debt from HEATH and was required to register with the Florida Office of Financial Regulation.

44.     At the time JCF contacted HEATH, JCF was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

45.     By telling Plaintiff in the November 14, 2017 telephone call that it would have to forward the matter to Duval County if Plaintiff did not pay, JFC objectively signaled to Plaintiff that it intended to and had the legal right to sue Plaintiff to collect the alleged debt.

46.     As of the date of this Complaint, Plaintiff has not paid the alleged debt and JFC has not filed a lawsuit against Plaintiff to collect the alleged debt.

47.     Upon information and belief, JFC never had the intention of suing Plaintiff.

48.     JCF could not legally sue Plaintiff to collect the debt without first registering with the Florida Office of Financial Regulation.  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

49.     Neither FRANK nor JCF can file lawsuits on behalf of its clients to collect debts in the State of Florida.

50.     Even if FRANK or JCF were otherwise able to and intended to file a lawsuit against Plaintiff, Defendants did not and do not have the legal right to file a lawsuit against Plaintiff to collect the alleged debt because the debt is time-barred.

51.     Upon information and belief, JFC knew it did not have the legal right to file a lawsuit to collect the alleged debt.

52.     JCF stated it would have to forward the matter to Duval County and would have to make a decision on Monday in order to create a false sense of urgency and to scare HEATH into pay the alleged debt.

## LIABILITY

### *Individual Liability of FRANK*

53.     FRANK is the sole owner, officer, and director of JCF.

54.     FRANK is a "debt collector" as that term is defined in the FDCPA and FCCPA.

55.     As the sole owner, officer, and director of JCF, FRANK controls and directs the collection practices of JCF and its employees, including, but not limited to, the form and content of its collection letters; the placement and content of its telephone messages; the false representations that it is a law firm; and whether it threatens to sue when it does not have the legal right or intention to do so. As a "debt collector" that controlled and directed the collection practices alleged here to have violated the FDCPA and FCCPA, FRANK is liable for the violations of his company in his individual capacity. See Schmidt v. Synergetic Communications, Inc., 2015 U.S. Dist. LEXIS 6209 (M.D. Fla. Jan. 20, 2015).

*Liability of JTM and CSG*

56.     JTM and CSG are "debt collectors" as that term is defined in the FDCPA and FCCPA.

57.     By virtue of their status as debt collectors JTM, and CSG are vicariously liable to HEATH for JCF's violations of the FDCPA and FCCPA.

## COUNT I
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d

58.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

59.     JCF engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

60.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

61.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

62.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

63.     JCF placed telephone calls to HEATH without making meaningful disclosure of its identity when it failed to disclose the purpose of the telephone messages in violation of 15 U.S.C §1692d(6).

64.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

65.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

  a.  Damages;

  b.  Attorney's fees, litigation expenses and costs of suit; and

  c.  Such other or further relief as the Court deems proper.

<u>**COUNT III**</u>
**FALSE REPRESENTATION OF DEBT**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)**

66.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

67.     JCF falsely represented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

68.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

69.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE REPRESENTATION OF SERVICES RENDERED
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)

70.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

71.    JCF falsely represented the services rendered by it in connection with the collection of the debt in violation of 15 U.S.C. §1692e(2)(B).

72.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

73.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of TINSELY and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT V
## THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

74.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

75.     JCF threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).

76.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

77.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT VI
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

78.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

79.     HEATH threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

80.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

81.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT VII**
**FALSE REPRESENTATIONS OR DECEPTIVE MEANS**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

82.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

83.    JCF used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

84.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

85.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT VIII**
**FAILURE TO DISCLOSE**
**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

86.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

87.     JCF failed to disclose in the initial communication that it was attempting to collect a debt and that any information would be used for that purpose in violation of 15 U.S.C. § 1692e(11).

88.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

89.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

### COUNT IX
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF 15 U.S.C. § 1692e(11)

90.     HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

91.     JCF failed to disclose in subsequent communications that it is a debt collector in violation of 15 U.S.C. § 1692e(11).

92.     FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

93.     JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

<u>**COUNT X**</u>
**UNFAIR PRACTICES**
**IN VIOLATION OF 15 U.S.C. § 1692f**

94.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

95.    JCF used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692f.

96.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

97.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

<u>**COUNT XI**</u>
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

98.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

99.    JCF willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

100.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

101.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper..

## COUNT XII
## ILLEGAL COLLECTION TECHNIQUES
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

102.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

103.    JCF violated Fla. Stat. § 559.72(9) by failing to give disclosures required by the FDCPA when Defendant knew it did not have a legal right to use such collection techniques because such collection techniques violate the FDCPA.  See e.g. Narvaez v. Specialized Loan Servicing, LLC, 2015 U.S. Dist. LEXIS 51552 (M.D. Fla. Apr. 20, 2015) (denying motion to dismiss FCCPA claim for failure to provide notice required by

the FDCPA, 15 U.S.C. § 1692g(a)); <u>Martin v. Butler & Hosch, P.A.</u>, 2014 U.S. Dist. LEXIS 97965 (M.D. Fla. Jul. 18, 2014) (same).

104.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

105.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**COUNT XIII**</u>
**ASSERTION OF LEGAL RIGHT KNOWN NOT TO EXIST
IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

106.    HEATH incorporates Paragraphs 1 through 57 above as if fully set forth herein.

107.    JCF violated of Fla. Stat. § 559.72(9) by threatening to file a lawsuit against HEATH when Defendant knew it did not have the legal right to file a lawsuit against HEATH.

108.    FRANK is individually liable to HEATH for the acts of JCF under the officer liability theory.

109.    JTM and CSG are vicariously liable to HEATH for the acts of JCF.

**WHEREFORE**, HEATH requests that the Court enter judgment in favor of HEATH and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

HEATH demands trial by jury.

> */s/ James S. Giardina*
> [**X**] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [   ] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> The Consumer Rights Law Group, PLLC
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> ***Counsel for HEATH***

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAEL HEATH | JONATHAN C. FRANK & ASSOCIATES, LLC and JONATHAN C. FRANK and CONSUMER SOLUTIONS GROUP, LLC et. al. |
| **(b)** County of Residence of First Listed Plaintiff   Duval<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>The Consumer Rights Law Group, PLLC, 3104 West Waters Ave., Suite 200, Tampa, Florida 33614 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq.

Brief description of cause:
Debt Collection Harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 07/23/2018 | /s/ James S. Giardina |

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to  suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of s uit cannot be determined, be sure the cause of action, in S ection VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**.              Example:              U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases**.  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

# EXHIBIT

## "A"

CONSUMER SOLUTIONS GROUP
2100 RIVERSIDE PKWY. 119 B126
LAWRENCEVILLE, GA 30043
PH: 866-827-5678 FAX: 404-410-4797

**11/14/2017**

File Number: 38328182

Current Creditor Acct  Number: ██████████5280

Current Creditor: JTM Capital Management

Customer SSN: XXX-XX-7912
Account number: ██████████5280
Original creditor: WACHOVIA BANK
Current Balance: $259.20

**MICHAEL RAY HEATH
11750 ALDEN RD
APT 205
JACKSONVILLE FL
32246**

**MICHAEL RAY HEATH**:

Our current client, JTM Capital Management has purchased your account from WACHOVIA BANK  with an original account number of ██████████5280 . Our client's records indicate that payment has not been received or processed as of the date of this correspondence, as has therefore been placed for collection.

Contact us directly at 1-866-827-5678 to obtain additional information. You may clear up your account from our collection process by paying the balance owed. Your account will be properly credited, and you will receive no further communication from us regarding this account if paid in full.

Thank you for your time and cooperation.

Sincerely,

Collections Department

Unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing with the thirty day period that the debt, or any portion thereof, is disputed, our office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by our office. Upon your written request within the thirty day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.

Federal law requires us to notify you that this is a communication from a debt recovery corporation. This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

YX    SANCHEZ    0100010   00254000   025500 5558416071