UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA MULLERY,

        Plaintiff,

   v.                                18-CV-549
                                       DECISION AND ORDER
JTM CAPITAL MANAGEMENT, LLC,
a Delaware limited liability company,

        Defendant.


AMANDA PERRY,

        Plaintiff,

   v.                                18-CV-566
                                       DECISION AND ORDER
JTM CAPITAL MANAGEMENT, LLC.
a Delaware limited liability company,

        Defendant.


      In October 2017, the plaintiffs, Amanda Perry and Theresa Mullery, commenced separate actions in the United States District Court for the Northern District of Illinois. No. 18-CV-549, Docket Item 1; No. 18-CV-566, Docket Item 1. Both plaintiffs claim that the same defendant, JTM Capital Management, LLC ("JTM"), violated the Fair Debt Collection Practices Act ("FDCPA"). No. 18-CV-549, Docket Item 1; No. 18-CV-566, Docket Item 1. In November 2017, the defendant moved to dismiss both actions, No. 18-CV- 549, Docket Item 9; No. 18-CV-566, Docket Item 8; on January 22, 2018, the plaintiffs responded, No. 18-CV-549, Docket Item 15; No. 18-CV-566, Docket Item 13;

and on February 19, 2018, the defendant replied, No. 18-CV-549, Docket Item 16; No. 18-CV-566, Docket Item 14.

In May 2018, United States District Judge Robert W. Gettleman transferred the cases to this Court. No. 18-CV-549, Docket Item 24; No. 18-CV-566, Docket Item 23. This Court then referred both cases to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). No. 18-CV-549, Docket Item 27; No. 18-CV-566, Docket Item 26. On November 30, 2018, Judge Schroeder issued a Report, Recommendation and Order ("RR&O") in each case, finding that the defendant's motions should be denied. No. 18-CV-549, Docket Item 36; No. 18-CV-566, Docket Item 35.

The defendant objected to the RR&O, No. 18-CV-549, Docket Item 39; No. 18-CV-566, Docket Item 38, and the plaintiffs responded to the objections, No. 18-CV-549, Docket Item 43; No. 18-CV-566, Docket Item 41. This Court heard oral argument on March 15, 2019, No. 18-CV-549, Docket Item 48; No. 18-CV-566, Docket Item 46, and later received supplemental briefing, No. 18-CV-549, Docket Items 50-52; No. 18-CV-566, Docket Items 48-50.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough RR&O, the record in this case, the objection and response, and the pleadings and materials submitted by the parties.

Based on that de novo review, the Court accepts and adopts Judge Schroeder's recommendation to deny the defendant's motions.

## FACTUAL BACKGROUND

When considering a motion to dismiss, the court accepts "the factual allegations in the complaint as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). The two complaints tell the following stories.

I. **THERESA MULLERY'S ALLEGATIONS**[1]

Theresa Mullery is a senior citizen with limited assets and income. Docket Item 1 at 2. She was unable to pay many of her bills on time, including a debt that she allegedly owed for an account with Continental Finance Company ("Continental"). *Id*. On April 21, 2015, with the help of "legal aid attorneys," Mullery informed Continental that she was represented by counsel and "directed Continental to cease contacting her and to cease all further collection activities because Ms. Mullery was forced, by her financial circumstances, to refuse to pay her unsecured debt." *Id*. at 3. JTM later bought or obtained Mullery's Continental account and "ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Mullery." *Id*. Instead, JTM "had another debt collector, Northstar Location Services, send Ms. Mullery a collection letter, dated January 26, 2017, demanding payment of the Continental debt." *Id*.

---

[1] Citations to the record in this section are from No. 18-CV-549.

3

## II.     AMANDA PERRY'S ALLEGATIONS[2]

Amanda Perry is a disabled woman with limited assets and income.  Docket Item 1 at 2.  Like Mullery, Perry "fell behind on paying her bills, including a debt she allegedly owed for a" credit card account with Comenity Bank ("Comenity").  *Id.*

On August 27, 2015, with the help of "legal aid attorneys," Perry informed Comenity that she was represented by counsel and "directed Comenity to cease contacting her and to cease all further collection activities because Ms. Perry was forced, by her financial circumstances, to refuse to pay her unsecured debt."  *Id.* at 3.  JTM later bought or obtained Perry's Comenity account and "ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Perry."  *Id.*  Instead, JTM "had its attorney debt collector, Weltman, Weinberg & Reis Co., send Ms. Perry a collection letter, dated March 4, 2017, demanding payment of the Comenity debt."  *Id.*

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable."  *Id.*  Courts must assume "that all the allegations in the complaint are true (even if doubtful in fact)."  *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir.

---

[2] Citations to the record in this section are from No. 18-CV-566.

2013) (quoting *Twombly*, 550 U.S. at 555). "[A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 566 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## **DISCUSSION**

**I.    MOTIONS TO DISMISS**

"Responding to reports of abusive practices by third-party collectors of consumer debts, Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016) (quoting 15 U.S.C. § 1692(e)). JTM argues that the facts alleged in the complaints implausibly allege that JTM is a "debt collector" within the meaning of the FDCPA. No. 18-CV-549, Docket Item 51 at 1-5. For the reasons that follow, this Court disagrees.

"Debt collector" is a defined term under the FDCPA. 15 U.S.C. § 1692a(6). Excluding several definitional paths to being a "debt collector" which clearly are not relevant here, § 1692a(6) defines "debt collector" as any person (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

5

In *Henson v. Santander*, 137 S. Ct. 1718 (2017), the Supreme Court clarified the latter path.

> [B]y its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another."

*Id*. at 1721. Because JTM owned Mullery's and Perry's debts, it falls outside that definition: "it would seem a debt purchaser like [JTM] may indeed collect debts for its own account without triggering the statutory definition in dispute." *Id*. at 1721-22.

The primary focus of the parties' dispute is whether the complaints plausibly allege that JTM is a "debt collector" under the former definitional path: any person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." According to JTM, "[w]hen a party only owns an account, does not take affirmative action to collect on the account and contracts with a third-party for collection efforts, it cannot meet the first statutory definition of debt collector—that its principal purpose is the collection of debts." No. 18-CV-566, Docket Item 25-1 at 6. And JTM argues that because "the [c]omplaint does not allege that JTM took any steps to collect on [plaintiffs'] account[s]" but alleges only that it was an "owner" of the plaintiffs' debts, the complaint fails to state a claim. *Id*.

"An entity qualifies under the definition if the 'principal purpose' of its 'business' is the 'collection of any debts.'" *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267 (3d Cir. 2019). "'Principal' is defined as 'most important, consequential, or influential.'" *Id*. (quoting *principal*, Webster's Third New International Dictionary 1802 (1976)). "'[P]urpose' is defined as 'something that one sets before himself as an object to be

6

attained: an end or aim' and 'an object, effect, or result aimed at, intended, or attained.'" *Id.* (quoting *purpose*, Webster's Third New International Dictionary 1847 (1976)). "Thus, an entity that has the 'collection of any debts' as its 'most important' 'aim' is a debt collector under this definition." *Id.* "As long as a business's *raison d'être* is obtaining payment on the debts that it acquires, it is a debt collector." *Id.* (emphasis in original). "Who actually obtains the payment or how they do so is of no moment." *Id.*

Just because an entity purchases debt does not make it a debt collector under this definition. For example, an entity "could buy debt for the charitable purpose of forgiving it, or it could buy debt for the purpose of reselling it to unrelated parties at a profit. In both of those cases, the entity's 'principal purpose' would not be collection." *Id.* at 268.

In this case, however, the complaints allege that JTM "had" another entity send the plaintiffs collections letters demanding payment of the debt it purchased. No. 18-CV-549, Docket Item 1 at 2; No. 18-CV-566, Docket Item 1 at 2. And that leads to the reasonable inference that JTM's "most important aim" is "the collection of debts." *Barbato*, 916 F.3d at 267 (internal citations omitted). Of course, whether, in fact, JTM's "*raison d'être* is obtaining payment on the debts that it acquires," *id.* at 267, or whether, for example, JTM obtains debt portfolios for the principal purpose of re-sale to other debt buyers, can be determined at a later stage of the litigation and may be grist for the summary judgment mill. But at this stage of the litigation, the complaints plausibly allege that JTM is a "debt collector" as the FDCPA defines the term.[3]

---

[3] Even if JTM is ultimately found to be a "debt collector," that will not "answer the ultimate question of liability." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 269 (3d Cir. 2019). For JTM to be liable, the plaintiffs must demonstrate that JTM took

7

## II. JTM'S REQUEST TO CERTIFY THIS ORDER FOR INTERLOCUTORY APPEAL

JTM asks this Court to certify this issue for immediate appeal if the Court adopts Judge Schroeder's recommendation. No. 18-CV-566, Docket Item 38 at 9-11. Under 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This Court agrees with JTM that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion." *Id.*; *compare Barbato*, 916 F.3d at 268 (entity that "buys consumer debt and hires debt collector to collect on it" is "debt collector" under FDCPA); *with Schneider v. JTM Capital Mgmt.*, 2018 WL 2276238, at *5 (D. Or. Mar. 22, 2018); *McAdory v. M.N.S. Assocs.*, 2017 WL 5071263, at *3 (D. Or. Nov. 3, 2017) ("[d]ebt purchasing companies . . . who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts"); *see also Dorrian v. LVNV Funding, LLC*, 479 Mass. 265 (2018) (passive debt collector who "contract[s] out" "all aspects of the debt collection process" not "debt collector" under similarly-worded state statute).

At this early stage of the litigation, however, this Court does not believe that "an immediate appeal from the order may materially advance the ultimate termination of the

---

some action in violation of the FDCPA or that it is liable under traditional agency principles for the actions of agents who violated the FDCPA. *See id.*

litigation." § 1292(b). As the plaintiffs point out, absent from JTM's objections or briefing "is any evidence or even indication as to what its principal purpose is, if it is not debt collection." No. 18-CV-566, Docket Item 41 at 7. The plaintiffs argue that they "should, at the very least, be afforded the opportunity to obtain discovery as to JTM's alleged principal purpose." *Id.* at 8. Without discovery as to JTM's principal purpose, "immediate appeal from th[is] order" will not "materially advance the ultimate termination of the litigation" because, depending on the nature of the factual dispute, there may be no need for the Second Circuit to review the case. In other words, discovery may reveal that there is no genuine dispute of material fact because the defendant is not, in fact, a "debt collector" even under this Court's and the Third Circuit's application of the "principal purpose" definition. Moreover, permitting discovery will create a record that will provide the Second Circuit with a basis for deciding not only how the law applies generally but how it applies to facts of this case. Therefore, this Court declines to certify this order for appeal at this time.

## **CONCLUSION**

For the reasons stated above and in the RR&O, the defendant's motions to dismiss, No. 18-CV-549, Docket Item 26; No. 18-CV-566, Docket Item 25, are DENIED. The cases are referred back to Judge Schroeder for further proceedings consistent with the referral orders of May 30, 2018, No. 18-CV-549, Docket Item 27; No. 18-CV-566, Docket Item 26.

SO ORDERED.


Dated:     May 16, 2019
           Buffalo, New York


                                           *s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE